MATTHEW J. MURRAY (SBN 271461)
mmurray@altber.com
BRONWEN B. O'HERIN (SBN 336967)
boherin@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for Petitioners/Plaintiffs Inland Empire United, Evelyn Arana, Elizabeth Ayala, Edgar Castelan, and Robert Garcia*

*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

INLAND EMPIRE UNITED, EVELYN ARANA, ELIZABETH AYALA, ARACELI CALDERA, EDGAR CASTELAN, ROBERT GARCIA, and DAISY LOPEZ,

Petitioners/Plaintiffs,

v.

RIVERSIDE COUNTY, RIVERSIDE COUNTY BOARD OF SUPERVISORS, and KEVIN JEFFRIES, KAREN SPIEGEL, CHUCK WASHINGTON, V. MANUEL PEREZ, and JEFF HEWITT, in their official capacities as members of the Riverside County Board of Supervisors, and REBECCA SPENCER, in her official capacity as the Riverside County Registrar of Voters,

Respondents/Defendants.

Case No. **5:22-CV-1366**

[Riverside County Superior Court Case No. CVRI 2202423]

**DECLARATION OF MATTHEW J. MURRAY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

| | |
|---|---|
| Hearing Date: | September 30, 2022 |
| Time: | 2:00pm |
| Location: | By Zoom |
| Judge: | Hon. Sunshine S. Sykes |

*Additional counsel*

JULIA A. GOMEZ (SBN 316270)
jgomez@aclusocal.org
PETER BIBRING (SBN 223981)
pbibring@aclusocal.org
MELISSA GOODMAN (SBN 289464)
mgoodman@aclusocal.org
PETER J. ELIASBERG (SBN 189110)
peliasberg@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

MOE KESHAVARZI (SBN 223759)
mkeshavarzi@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, CA
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

*Attorneys for Petitioners/Plaintiffs*
*Araceli Caldera and Daisy Lopez*

I, Matthew Murray, declare as follows:

1. I am a partner at Altshuler Berzon LLP and one of the counsel for Plaintiffs Inland Empire United, Evelyn Arana, Elizabeth Ayala, Edgar Castelan, and Robert Garcia in the above-captioned case. I have personal knowledge of the facts stated in this declaration.

2. Plaintiffs commenced this action by filing a Verified Petition for Writ of Mandate and Complaint in the Superior Court of California for the County of Riverside on June 14, 2022.

3. Defendants removed this action to this Court on August 3, 2022.

4. I emailed opposing counsel on August 9, 2022, to request that we meet and confer about Plaintiffs' planned motion for remand. In my email, I explained Plaintiffs' position that remand is required, stating:

> The federal courts lack jurisdiction over this action, because plaintiffs bring only California state law claims. Defendants' notice of removal asserts that plaintiffs' Fair Maps Act claim necessarily raises a federal question. That is not correct. Plaintiffs can prove defendants' liability on the Fair Maps Act claim on any one of four independently sufficient bases, all four of which involve state law and only one of which references the federal Voting Rights Act requirements that are expressly incorporated into California law. *See* Petition/Complaint ¶86. Where "a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012). While we do not believe it is a close question that the federal courts lack subject matter jurisdiction over this case, removal is particularly unwarranted because "[r]emoval statutes are to be 'strictly construed' against removal jurisdiction." *Nevada*, 672 F.3d at 667 (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).

5. I met and conferred with Defendants' counsel via telephone on Wednesday, August 10, 2022. I reiterated Plaintiffs' position, asked if Defendants would stipulate to remand this case to state court, and stated that without such a

stipulation, given the lack of an objectively reasonable basis for Defendants' removal, Plaintiffs would likely seek an award of attorney's fees and costs incurred due to removal pursuant to 28 U.S.C. § 1447(c). Defendants did not agree to Plaintiffs' proposal that the parties stipulate to remand.

6. After further discussions via email, the parties have not been able to reach a resolution eliminating the necessity for this motion to remand or for a hearing thereon.

Executed this 18th day of August, 2022, at Alameda, CA.

By: *\/s/Matthew J. Murray*
Matthew J. Murray