**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| INLAND EMPIRE UNITED, EVELYN ARANA, ELIZABETH AYALA, ARACELI CALDERA, EDGAR CASTELAN, ROBERT GARCIA, and DAISY LOPEZ,<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>RIVERSIDE COUNTY, RIVERSIDE COUNTY BOARD OF SUPERVISORS, and KEVIN JEFFRIES, KAREN SPIEGEL, CHUCK WASHINGTON, V. MANUEL PEREZ, and JEFF HEWITT, in their official capacities as members of the Riverside County Board of Supervisors, and REBECCA SPENCER, in her official capacity as the Riverside County Registrar of Voters,<br><br>Respondents/Defendants. | Case No. **5:22-CV-1366**<br><br>[Riverside County Superior Court Case No. CVRI 2202423]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

# [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion to Remand in *Inland Empire United, et al. v. Riverside County, et al.*, No. 5:22-cv-01366-SSS-KK, as well as any briefs in opposition, Plaintiffs' reply brief, any argument before the Court, and other materials as the Court deems just and proper, the Court has determined that Plaintiffs' Motion should be and is, GRANTED, and this case is hereby remanded to the California Superior Court for the County of Riverside.

Plaintiffs bring only state-law claims. Federal jurisdiction over a state-created cause of action exists only if federal law is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)). Federal law is not "necessarily raised" by Plaintiffs' claims. Defendants note that Plaintiffs' California Fair and Inclusive Redistricting for Municipalities and Political Subdivisions ("FAIR MAPS") Act claim references the federal Voting Rights Act, 52 U.S.C. § 10301 (VRA). But Plaintiffs' FAIR MAPS Act claim is premised on four alternative, independent theories of liability, only one of which references the VRA. Under Ninth Circuit precedent, where "a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)). That is enough to require remand.

Even if this case did necessarily raise federal law, remand would still be appropriate because exercising jurisdiction here would disrupt "the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. The gravamen of the Petition/Complaint is that Defendants' 2021 redistricting plan violates California's FAIR MAPS Act and the California Constitution because it splits up two historically

underrepresented communities of interest with substantial Latino populations among three districts. Exercising jurisdiction would deprive California courts of the ability to construe a novel California statute (the FAIR MAPS Act) and California's own constitution, and would deprive Plaintiffs of a state-court remedy on grounds that this case must be heard in federal court simply because Plaintiffs allege unlawful vote dilution that is also prohibited under federal law. Moreover, here, as in *Rains*, "a state constitutional provision . . . can and does serve the same purpose" as the federal law (Section 2 of the VRA) invoked as part of Plaintiffs' FAIR MAPS Act cause of action. 80 F.3d at 347. Plaintiffs allege that both the California Constitution and VRA, as incorporated into the FAIR MAPS Act, prohibit vote dilution, and Plaintiffs plead both alternative bases of liability. Exercising jurisdiction would disrupt the federal-state balance *Grable* cautions must be protected, and it would do so in the context of state redistricting, an area in which the Supreme Court has repeatedly emphasized that comity concerns are paramount. *See, e.g.*, *Growe v. Emison*, 507 U.S. 25, 32-33 (1993).

Finally, Plaintiffs are entitled to an award of costs and attorney fees incurred as a result of the removal under 28 U.S.C. § 1447(c). In enacting this provision, Congress was concerned that "removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). It therefore created this fees provision to deter defendants from removing cases without an "objectively reasonable basis for seeking removal," and to compensate plaintiffs who must spend time and resources opposing these improper removals. *Id.* Here, there is longstanding, binding Ninth Circuit precedent, and a long series of district court decisions following that precedent cited in Plaintiffs' moving papers, clearly stating that where a state-created cause of action "can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346. Defendants lack an objectively

reasonable basis for attempting to distinguish this case.

The Court orders that Plaintiffs are entitled to costs and attorneys' fees, and orders the parties to meet and confer regarding the amount of those costs and fees. If the parties are not able to reach agreement on the amount, Plaintiffs shall file a motion for costs and fees by 30 days from the date of this Order.

IT IS SO ORDERED.

DATED: ______________

HON. SUNSHINE K. SYKES
UNITED STATES DISTRICT JUDGE